JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANA ROSE ATWOOD,<br>Plaintiff,<br>v.<br>NISSAN NORTH AMERICA, INC., *et al.*,<br>Defendants. | Case No. 2:26-cv-00930-FLA (DSRx)<br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 9]** |

**RULING[1]**

On December 31, 2025, Plaintiff Shana Rose Atwood ("Plaintiff") filed the Complaint in the Los Angeles County Superior Court, asserting two causes of action against Defendant Nissan North America, Inc. ("Defendant" or "Nissan") for violations of the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code § 1790, *et seq*., and one cause of action for unfair competition in violation of California Business and Professions Code § 17200, *et seq.*

[1] The court cites documents by the page numbers added by the court's CM/ECF System rather than any page numbers included natively.

(the California Unfair Competition Law, "UCL"). Dkt. 1-1 at 11–18 ("Compl.") ¶¶ 8–51. As relevant here, Plaintiff seeks actual damages, civil penalties, and attorney's fees and costs. *Id.* at Prayer.

On January 29, 2026, Defendant removed the action to this court, alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. 1 at 3–5. On February 19, 2026, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 9. Defendant filed its Response to the OSC on March 5, 2026. Dkt. 10 ("Def. Resp.").

Having reviewed the Notice of Removal, Defendant's Response to the OSC, and all relevant portions of the docket, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence and REMANDS this action to the Los Angeles County Superior Court, Case No. 25TRCV04459.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); U.S. CONST. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

**A. Actual Damages**

At issue here is whether the amount in controversy exceeds the $75,000 jurisdictional minimum for diversity jurisdiction. Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This includes a mileage offset, which is calculated by reducing the purchase price by an amount directly proportional to the number of miles driven. *Id.* § 1793.2(d)(2)(C).

Defendant notes the Complaint alleges Plaintiff incurred $32,719 in actual damages. Def. Resp. at 2 (citing Compl. at Prayer ¶ 3). For purposes of this Order, the court assumes, without making any related legal or factual determinations, that the actual damages Plaintiff might reasonably recover in this action are $32,719.

**B. Civil Penalties**

Defendant next argues Plaintiff's request for civil penalties of twice the base amount of damages must be included in the amount in controversy calculation. Def. Resp. at 2, 4–5. "A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages." *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets omitted). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quotation marks omitted).

District courts regularly find Song-Beverly Act plaintiffs' conclusory allegations regarding willfulness are insufficient to place civil penalties in controversy absent specific facts pleaded. *See Estrada*, 2021 WL 223249, at *3 (collecting cases "remanding where civil penalties were too speculative for inclusion in the amount-in-controversy") (quotation marks omitted). This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see also Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

According to Defendant, Plaintiff's allegations "that Nissan's failure to comply with the Song-Beverly Act was 'willful' and that she is entitled to a civil penalty 'of two times actual damages'" is sufficient to establish that the maximum amount of civil penalties should be included in the amount in controversy determination. Def. Resp. at 5 (quoting Compl. ¶¶ 19–20; Prayer ¶ 6). The court disagrees.

Plaintiff does not plead any facts regarding the defect her vehicle allegedly suffered. *See* Compl. Defendant, likewise, does not identify any facts regarding the alleged defect in its response to the OSC. *See* Dkt. 10. Given the absence of any facts regarding Plaintiff's claims, the court finds civil penalties are too speculative to be considered in the amount in controversy calculation.

**C. Attorney's Fees**

Defendant contends Plaintiff's demand for attorney's fees provides an additional reason for the court to determine the amount in controversy satisfies the jurisdictional minimum. Def. Resp. at 5–6. In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A removing defendant, however, must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence … with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *see also D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (recognizing "many cases alleging violations of the [Song-Beverly] Act settle early"). Moreover, a defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hours or billing rates that might

apply." *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021).

Defendant contends attorney's "fees and costs here could easily reach $25,000," and that "[t]his fee estimation is reasonable for purposes of calculating amount in controversy in a Song-Beverly case." Def. Resp. at 6. As stated, the court finds Defendant has only established by a preponderance of the evidence that $32,719 in actual damages are at issue. Even if the court were to assume *arguendo* that Plaintiffs were reasonably likely to incur $25,000 in attorney's fees in connection with this action, that would only bring the demonstrated amount in controversy to $57,719.

Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the court finds Defendant has failed to demonstrate the amount in controversy exceeds the jurisdictional minimum based on attorney's fees.

**CONCLUSION**

For the aforementioned reasons, the court finds Defendant has failed to demonstrate the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 25TRCV04459. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 31, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge